[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-11188
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 08, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-00489-CR-T-17-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GEZIM SELGJEKAJ,
a.k.a. Jimmy,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 8, 2006)**

Before DUBINA, HULL and MARCUS, Circuit Judges.

PER CURIAM:

This is Gezim Selgjekaj's second appearance before the Court. Based on the

Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), as well

as the government's concession "that it could not show beyond a reasonable doubt that the district court's error at sentencing . . . pursuant to a mandatory application of the guidelines was harmless," we previously vacated his sentence and remanded for resentencing. See United States v. Selgjekaj, No. 04-16228 (11th Cir. Dec. 15, 2005) ("Selgjekaj I") (unpublished order granting motion for vacatur). After a resentencing hearing, at which the district court considered the parties' arguments and written submissions pertaining to the 18 U.S.C. § 3553(a) factors, the district court imposed the same sentence, which was at the lowest end of the Guidelines range Selgjekaj faced. In this appeal, Selgjekaj again challenges his 41-month sentence for conspiracy to traffic and trafficking in contraband cigarettes, in violation of 18 U.S.C. §§ 371 and 2342. Selgjekaj asserts that the district court's imposition of sentence violated his Sixth Amendment rights and Booker because the court increased his offense level after making an extra-verdict factual finding

that the amount of loss was between $400,000 and $1,000,000.[1]  After careful review, we affirm.

We review sentences imposed under an advisory Guidelines system for reasonableness.  See United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005); United States v. Winingear, 422 F.3d 1241, 1244 (11th Cir. 2005).  The district court must follow a two-step process to determine a defendant's sentence by (1) consulting the Guidelines and correctly calculating the advisory range, and (2) considering the factors under 18 U.S.C. § 3553(a).  Talley, 431 F.3d at 786.  We review a defendant's ultimate sentence, in its entirety, for unreasonableness in light of the factors in § 3553(a). See Winingear, 422 F.3d at 1245.  When  a district court applies the Guidelines as advisory, nothing in Booker prohibits the district court from making, under a preponderance-of-the-evidence standard, additional factual findings that go beyond a defendant's admission.  United States v. Chau, 426 F.3d 1318, 1323-24 (11th Cir. 2005).

---

[1]  We are unpersuaded by Selgjekaj's additional argument, that the district court constructively amended the indictment when it instructed the jury concerning a scrivener's error in Count 17 of the indictment.  Because neither the state in which the offense conduct took place nor the state represented on the counterfeit cigarette stamps are essential elements of the charged offense, see 18 U.S.C. § 2342(a), the original indictment put Selgjekaj on notice of the crime charged, and the change did not provide a broader basis for conviction, we discern no constructive amendment here.  Cf. United States v. Castro, 89 F.3d 1443, 1452-53 (11th Cir. 1996) (holding that constructive amendments alter or expand the essential elements of the offense contained in the indictment, such that, the possible bases for conviction go beyond what is contained in the indictment).

Section 2B1.1 of the Guidelines provides a base offense level of six for crimes involving altered or counterfeit instruments, and includes an enhancement based on the dollar value of the loss. See U.S.S.G. § 2B1.1(a)(2), (b). "Loss" is defined as the greater of "actual loss" or "intended loss," where the actual loss includes "the reasonably foreseeable pecuniary harm that resulted from the offense," and intended loss "(I) means the pecuniary harm that was intended to result from the offense; and (II) includes intended pecuniary harm that would have been impossible or unlikely to occur." U.S.S.G. § 2B1.1 comment. (n.3(A)(i), (ii)). In calculating the amount of loss, the district court "need only make a reasonable estimate of the loss." U.S.S.G. § 2B1.1 comment. (n.3(C)). For loss amounts greater than $400,000 but $1,000,000 or less, the offense level is increased by 14 levels. U.S.S.G. § 2B1.1(b)(1).

At the conclusion of Selgjekaj's trial, the jury found him guilty on both counts and, in response to special interrogatories, found that the value of the goods for Count 2 -- the conspiracy -- was $5,000 or more. According to the presentence investigation report ("PSI"), Selgjekaj conspired to traffic in 350 cases of contraband cigarettes, which contained a total of 21,000 cartons at $27.64 per carton. This gave the cigarettes a total wholesale value of $580,440. Based on this amount, the PSI recommended enhancing Selgjekaj's base offense level of 6 by 14

levels, based on a loss amount of $580,440, which was between $400,000 and $1,000,000. See U.S.S.G. § 2B1.1(b).[2] With an adjusted offense level of 20 and a criminal history category III, Selgjekaj faced a Guidelines imprisonment range of 41-51 months' imprisonment. The district court imposed a 41-month sentence, which was the sentence we vacated in Selgjekaj I.

At the resentencing hearing, in imposing the same low-end sentence, the district court stated the following:

> [T]he evidence that came out with regard to these activities was of a very serious nature. And there was a great deal of harm that resulted from it and the wrong type of impression, the types of dealings that people should have with one another.

> And I recall the testimony. I don't have to read the transcript. I remember it. The Court felt at the time [of the original sentencing hearing] that it had considered everything that was appropriate with regard to Mr. Selgjekaj and gave him the opportunity without penalty to assert that he was not guilty and to go to trial. I didn't sentence him at the top end of the guidelines. I sentenced him at the low end of the guidelines and made a determination, as you well know, under the verdict by the jury that he should not have an enhancement [for obstruction of justice]. And I disagreed with the government and disagreed with the position of the [PSI] because of what I perceived was an objection under Blakely, and honored the jury's decision with regard to that. So he did get a reduction at that time.

> I think -- I thought that a reasonable and just and sufficient sentence was the 41 months, and I think that now with credit for time served.

---

[2]The PSI also recommended a 2-level increase for obstruction of justice, pursuant to U.S.S.G. § 3C1.1, which the district court did not adopt in imposing sentence.

5

. . . .

> The sentence is within the guideline range. That range does not exceed 24 months. The Court finds no reason to depart from the sentenced called for by the application of the guidelines. The Court finds the sentence to be reasonable and sufficient.
>
> And even though you did make a request for it, under 3553(a)(1) through (7) of 18 U.S.C., the Court specifically finds that the sentence is reasonable, sufficient, and adequate.

We find it <u>plain</u> that the court treated the Guidelines range as advisory on resentencing, and therefore, <u>Booker</u> did not preclude the court from making and relying on the challenged fact findings. <u>Chau</u>, 426 F.3d at 1323 (holding that the "use of extra-verdict enhancements in an advisory guidelines system is not unconstitutional." (quotation omitted)). It is now well-settled that a district court may find facts not found by a jury or admitted by the defendant, and use them in formulating a sentence, as long as it properly applies the Guidelines as advisory. <u>Id.</u> at 1324. In reviewing the record, the district court correctly applied the Guidelines, considered them advisory, and imposed a reasonable sentence after consideration of the factors in 18 U.S.C. § 3553(a). <u>See</u> <u>Talley</u>, 431 F.3d at 786. Accordingly, we affirm Selgjekaj's conviction and sentence.

**AFFIRMED.**